# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| ANTHONY LAROCHE, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. CV415-178 |
| STATE OF GEORGIA, | ) | |
| Respondent. | ) | |

## ORDER

Proceeding *pro se*, Anthony LaRoche petitions for a "writ of habeas corpus" to have defendant explain why this Court should not dismiss state charges against him on Sixth Amendment, speedy trial grounds Doc. 1.[1] He never specifies what statute -- 28 U.S.C. § 2241 or § 2254 --

---

[1] LaRoche originally failed to pay a filing fee or return a motion for leave to proceed in forma pauperis (IFP). The Clerk notified him of the filing fee deficiency and mailed a blank copy of the Court's IFP form. LaRoche then filed a motion for writ of mandamus (doc. 4) but still failed to submit his IFP motion. The Clerk, once again, mailed him a copy of the IFP form and, finally, he returned it on July 31, 2015, three weeks after the July 10, 2015 deadline to do so. Doc. 5.

Finding him indigent, the Court **GRANTS** LaRoche leave to proceed IFP since his paperwork delay does not appear to be the product of a failure to prosecute his case, or to obey a Court order. Instead, he first mistakenly thought he had submitted an IFP motion (*see* doc. 3 at 1), then encountered difficulties obtaining financial information from prison officials (LaRoche apparently thought, incorrectly, that he was subject to the partial payment plan imposed on prisoner litigants under the Prison Litigation Reform Act).

he seeks relief under. Regardless, since filing suit, LaRoche either pled guilty to or was convicted of the state charges to which he objects.[2] *See* Ga. Dep't of Corr. Offender Search, *available at* http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffOryForm.jsp. He thus remains "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), and his petition challenging that judgment[3] must

---

LaRoche also moves for a writ of mandamus because he's unhappy with the Court for not addressing his petition faster. *See* doc. 4 at 1. Mandamus is an extraordinary remedy, *see United States v. Chambers*, 592 F. App'x 918, 919 (11th Cir. 2015) ("Mandamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases."), and LaRoche hasn't shown the extraordinary circumstances necessary to justify its use. In any case, the Court has now acted on his petition so the relief he seeks is moot and his motion **DENIED**. Doc. 4.

[2] LaRoche has been sentenced in Toombs County, Georgia Superior Court to twenty years on one count of shoplifting and two of aggravated assault charges. Although his petition never enumerates the state charges he challenges, he identifies Toombs County Superior Court as the place where he filed a "motion for a fast and speedy trial." Doc. 1 at 2.

[3] LaRoche does not specifically request that this Court vacate his state convictions or sentence, but he does ask for an evidentiary hearing at which he wants the state to "show cause why this [Court] should not order [the state] to dismiss [its] case." He no longer faces active prosecution on state charges, but federal courts:

> must look beyond the labels of [filings] by *pro se* [plaintiffs] to interpret them under whatever statute would provide relief. *See Means v. Alabama*, 209 F.3d 1241, 1242 (11th Cir.2000) (concerning pro se inmates); *cf. Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citations omitted); Fed.R.Civ.P. 8(e) ("Pleadings must be construed so as to do justice.").

satisfy § 2254's "various restrictions."[4] *Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004); *see also Castro v. United States*, 540 U.S. 375, 381 (2003) (courts may recharacterize *pro se* motions "in order to avoid an unnecessary dismissal . . . avoid inappropriately stringent application of formal labeling requirements . . . or to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis").

Characterizing his "habeas corpus petition" as one under § 2254, however, will mark LaRoche's first foray into that statute, though he knows well the intricacies of § 2255 (post-conviction relief statute for

---

*Wilkerson v. Georgia*, 618 F. App'x 610, 611-12 (11th Cir. 2015). Doc. 1 at 3. Since his charges have now turned into convictions, the Court construes his requested relief as vacation instead of dismissal, which places his petition squarely within § 2254's bounds.

[4] They include exhaustion of all available state remedies before seeking § 2254 relief. *See* 28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of [§ 2254], if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c) (emphasis added). LaRoche thus must first present all of his federal claims to the Georgia state courts, *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999), and give them "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. If he hasn't done so -- which seems highly likely given that (1) a search of Georgia's appellate court dockets shows no cases filed by LaRoche currently pending, and (2) the Court cannot locate any "LaRoche" appellate decisions -- his current petition must be dismissed.

3

those serving federal sentences).[5]  The Court therefore issues the following *Castro*[6] warning:

> Within 30 days from the date this Order is served, the Court will re-characterize your habeas corpus petition as one falling under 28 U.S.C. § 2254. If you choose to proceed, you will lose your ability to file any successive petition involving these same state convictions without first seeking permission to do so from the Eleventh Circuit Court of Appeals. Any second or successive petition will be subject to the restrictive conditions set forth in 28 U.S.C. § 2244(b)(2), conditions which do not apply to a *first* § 2254 petition.

What's more, the petition in its current form omits several critical pieces of information needed to evaluate LaRoche's claims. For example, he never says whether he pled guilty or was convicted by a jury. Nor does he reveal whether he appealed or at any point sought state post-conviction relief. LaRoche, then, has three choices: (1) have his deficient petition ruled upon as filed; (2) amend the petition to include the missing

---

[5] *See LaRoche v. United States*, No. CV407-054 (S.D. Ga. 2007) (originally filed as a § 2241 petition, but ultimately dismissed after this Court *Castro*-warned and recharacterized the petition as one under § 2255); *LaRoche v. United States*, No. 404-013 (S.D. Ga. 2004) (new appeal granted under § 2255).

[6] *See Castro*, 540 U.S. at 383 ("[W]hen a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion . . . [it] must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has."). *Castro* and its warnings also apply in the § 2254 context. *See Jones v. O'Neal*, 2012 WL 6084650 at * 1 n. 3 (S.D. Ga. Dec. 6, 2012).

4

information and any other claims he may have; or (3) withdraw it entirely. He has thirty days to decide what to do. If he does not thereafter affirm, supplement, or replace his original motion or notify this Court of his intent to withdraw it, the Court will proceed to rule on it as a § 2254 petition.

The Clerk is **DIRECTED** to attach to LaRoche's service copy of this Order this Court's standard form 28 U.S.C. § 2254 petition. He may use that form to set out, in one document, all of his claims for § 2254 relief, and to provide the missing information outlined above, or he may simply rely on his original motion (which the Court now re-characterizes as a § 2254 petition). Again, LaRoche should present *all* of his claims for § 2254 relief at this point, as second or successive § 2254 petitions have little chance of success. Any response he makes must be placed within his prison's mail system (and he must declare that he has done so under penalty of perjury, per 28 U.S.C. § 1746) within 30 days of the date this Order is served.

To summarize: the Court **DEFERS** ruling on LaRoche's habeas petition, **GRANTS** his motion to proceed IFP (doc. 5), and **DENIES** his motion for a writ of mandamus (doc. 4).

**SO ORDERED**, this 9th day of December, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA