# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ANTHONY LAROCHE,                    )
                                    )
    Petitioner,                    )
                                    )
v.                                  )          Case No. CV415-178
                                    )
STATE OF GEORGIA,                   )
                                    )
    Respondent.                    )

# REPORT AND RECOMMENDATION

On December 9, 2015, the Court warned petitioner Anthony LaRoche that it would recharacterize his 28 U.S.C. § 2241 petition as one under § 2254 if he did not respond (either by dismissing or amending) within 30 days of the date that Order was served. Doc. 6.

The Court also warned LaRoche that his current petition -- which would face preliminary review if he failed to respond -- contained fatal flaws, including a failure to exhaust state remedies.[1] Doc. 6 at 3 n. 4. Nevertheless, LaRoche never responded.

---

[1] Courts cannot grant state habeas applicants relief "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of [§ 2254], if he has the right under the law of the State to raise, by any available procedure, the question

Hence, his § 2254 petition should be **DISMISSED** on exhaustion grounds.[2] Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when

---

presented." *Id.* at (c). LaRoche thus must first present all of his federal claims to the Georgia state courts, *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999), and give them "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. LaRoche apparently never appealed, much less sought state habeas relief before knocking on this Court's door. He thus failed to exhaust his state remedies.

Even were exhaustion not an issue, LaRoche's petition likely fails on its merits too. He complains of alleged speedy trial issues with his state court prosecution. *See* doc. 1. But that prosecution has since ended. *See* doc. 6 at 2. If a guilty plea brought its conclusion, LaRoche's claim must die. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (defendants who plead guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea"). Regardless, LaRoche, as discussed above, failed to exhaust available state remedies.

[2] Alternative grounds for dismissal exist. The Court's most recent Order, doc. 6, has been returned as "undeliverable." Doc. 7. Per Local Rule 11.1, it was LaRoche's continuing duty to keep the Court apprised of his current address. Without it, the Court cannot move this case forward or even communicate with plaintiff. Courts have the power to prune deadwood cases like this one from their dockets, and were exhaustion not an issue, the failure to prosecute this case would also warrant dismissal. *See* L.R. 41(b); *see Link v. Wabash RR. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, No. CV491-277 (S.D. Ga. June 10, 1992).

it enters a final order adverse to the applicant.") (emphasis added). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, IFP status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this _14th_ day of January, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA